IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ELLEN FORSE<br><br>**Plaintiff,**<br><br>v.<br><br>HILTON WORLDWIDE INTERNATIONAL PUERTO RICO LLC; CHUBB INSURANCE CO. OF PUERTO RICO; JOHN and JANE DOE; CORPORATIONS ABC; INSURERS XYZ<br><br>**Defendants** | **Civil No. 2023cv1621**<br><br>**Personal Injury; Diversity; Jury Trial Demanded** |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiff, Ellen Forse, by and through its undersigned counsel, respectfully states, alleges and prays as follow:

### I. JURISDICTION AND VENUE

**1.** This Court has subject matter jurisdiction of this action pursuant to *28 U.S.C § 1332* as the amount in controversy exceeds $75,000 and plaintiff and the defendants are citizens of different states.

**2.** Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

## II. THE PARTIES

3.  At all relevant times herein, Plaintiff, Ellen Forse, was and still is a resident and citizen of the State of Pennsylvania.

4.  At all relevant times herein Defendant, Hilton Worldwide Puerto Rico LLC ("Hilton"), was and still is a limited liability company created and organized under the laws of the Commonwealth of Puerto Rico. On information and belief its main offices are located at 7930 Jones Branch Drive, McLean, VA, 22102. On information and belief, at all relevant time herein, Hilton was and still is the owner and operator of the Embassy Suites by Hilton San Juan Hotel and Casino ("the hotel") in Isla Verde, Puerto Rico.

5.  Chubb Insurance Co. of Puerto Rico was and still is and an insurance company doing business under the laws of the Commonwealth of Puerto Rico, who had issued and maintained in full force and effect, at the time of the injuries and damages alleged herein, polices of insurance issued to Hilton, covering all risk for injuries and accidents that Plaintiff suffered as a result of their negligence in operating, cleaning and maintaining the La Concha hotel as described herein.

6.  Fictitiously named Defendants, John and Jane Doe, Corporations ABC and Insurers XYZ, upon information and belief, are liable for the acts complained of herein, but whose acts and true identities are unknown to the Plaintiff. Plaintiff will

request leave of the Court to amend her Complaint to insert the true names of the fictitiously named Defendants when said names are known to the Plaintiff, and to allege specifically their claims against said Defendants.

### III. FACTUAL ALLEGATIONS

7. At all times mentioned, the defendants were in possession and control of the hotel and conducted its business in the premises.

8. At all times mentioned, defendants were operating the hotel and extended an invitation to the public to come into the hotel for the purpose of doing business with it.

9. Defendants, at all times mentioned, had control of various or all portions of the hotel premises, including the pool area and appurtenances in the hotel.

10. Defendants at all times mentioned, and at earlier times, maintained and operated the lounge chairs, umbrellas and other items used at the hotel pool area.

11. Defendants failed to properly anchor, tie or otherwise secure the umbrellas in the pool area to prevent that they fly off and become projectiles when a strong wind current passes through the hotel pool area thereby causing danger to the life and limb of persons having occasion to be in the pool area.

12. Defendants knew of the dangerous condition of the unsecured poolside umbrellas and knew that these were inherently dangerous and could impact patrons.

13. On December 25, 2022, Plaintiff peacefully sitting on a pool lounge chair enjoying the sun with her eyes when suddenly and without warning, an unsecured or poorly secured umbrella flew off due to a strong wind gust striking her in the chest which caused her to curl over in pain. She struggled to get air in her lungs and had no idea what happened. She thought she may have been shot in the chest. After approximately three minutes of gasping for air, she started to get breath in her lungs and open her eyes. When she opened her eyes, she saw a large cabana umbrella at the foot of her chair.

14. Plaintiff suffered a contusion to her left breast and an injury to her back as a result of the umbrella striking her chest.

15. As a direct and proximate result of the negligence of the defendants, Plaintiff was incapacitated and sustained severe and permanent injuries and scars to her left leg.

16. Plaintiff was initially seen in the Hospital Regional de Carolina emergency room. She complained of chest wall pain and low back pain.

17. Plaintiff flew home the following day. She then self-treated for a period of time until she was sent to Premise Health.

She was initially seen on 01/10/2023 and diagnosed with left breast contusion and lumbar strain.

    18.  These occurrences and injuries occurred solely as a direct and proximate result of defendants' negligence, as a proximate result of the initial acts, negligence, lack of attention, and intentional and/or reckless acts on the part of defendants, without any negligence on the part of the Plaintiff contributing thereto.

    19.  Plaintiff was found to have severe focal tenderness to the left lateral chest at the border of the sternum at the fourth rib, moderate tenderness to the medial superior aspect of the breast, and mild tenderness to the lateral aspect of the breast, multiple tender lumps were noted on palpitation where she had bruising, moderate pain to the sternum area with abduction and forward flexion of the shoulder, and discomfort with rear extension and arm abduction.

    20.  Plaintiff was referred to physical therapy and started on 01/20/2023 at Ivy Rehab. She received physical therapy three times a week until she returned to work. She also was given various patches like Lidocaine patches to help deal with her pain.

    21.  Plaintiff suffered with a persistent painful left breast, and persistent back pain. Her gait was stiff and abnormal. She had limited lumbar mobility. She had difficulty with lifting, bending, squatting, stair climbing, standing, sitting, etc.

22. Plaintiff suffered from mechanical low back pain and was limited from working as a flight attendant.

23. As of 03/29/2023, she had undergone 25 physical therapy sessions, and the plan was for her to continue physical therapy three times a week for another four weeks.

24. At the end of May 2023, Plaintiff was released to return to full duty. A flight attendants' job is a physically demanding job and Ellen still experiences low back pain. She still uses Lidocaine patches, takes Aleve, and gets occasional massages to help her deal with the pain.

25. Despite the best efforts of Plaintiff's treating medical providers, her life is one of nearly persistent disabling pain and discomfort.

26. Defendants, at the time of the accident mentioned, negligently and carelessly permitted the poolside umbrellas, to become and remain loose, unfastened, unsecured and a dangerous condition.

27. Defendants failed to place warnings to patrons about the hazardous condition despite having actual and constructive notice of the possibility of flying umbrellas.

28. Defendants created the dangerous condition that directly and proximately resulted in Plaintiff's injuries.

29. Defendants knew or had reason to know of the above described dangerous conditions in the premises.

30. The negligence of Defendants, in addition to that hereinabove alleged, consisted of:
   a. Failure to warn of the dangerous condition on the premises;
   b. Failure to eliminate the dangerous conditions on the premises;
   c. Failure to secure or fasten the umbrellas with products specifically designed for that purpose; in the alternative.
   d. Failure to maintain the umbrella fasteners; and
   e. Among other negligent acts, omissions, and breaches of duties which will be proved at trial.

31. As a direct and proximate result of Defendants' negligence, Plaintiff has experienced physical impairment, disfigurement, mental anguish, and pain and suffering in the past. Plaintiff will continue to experience physical impairment, disfigurement, mental anguish, and pain and suffering in the future.

32. As a direct and proximate result of Defendants'' negligence, Plaintiff has incurred medical expenses in the past and, in reasonable medical probability, will incur additional medical expenses in the future.

33. As a direct and proximate result of Defendants' negligence, Plaintiff was, is and will be precluded from engaging in normal activities and pursuits.

**34.** As a direct and proximate result of Defendants' negligence, Plaintiff was unable to work and lost income.

### Count I: Negligence

**35.** All of the preceding paragraphs are incorporated by reference as if fully set forth herein.

**36.** Defendants have a non-delegable duty to maintain the hotel premises is a safe condition and to protect patrons against the risk of dangerous conditions existing on the hotel.

**37.** Upon information and belief, the dangerous conditions were known by defendants.

**38.** The unsecured or poorly secured poolside umbrellas posed serious hazard to Plaintiff and other patrons.

**39.** At all relevant times herein, defendants knew of, or by exercise of reasonable care should have discovered, the dangerous condition that caused Plaintiff's injuries.

**40.** Plaintiff had no pre-existing conditions which could have been aggravated by the accident described herein.

**41.** As a direct and proximate result of said negligence of defendants, the plaintiff was injured in her health, strength, and activity, sustaining injury and permanent scars to her left leg, all of which said injuries have caused and continue to cause the plaintiff great mental, physical, and nervous pain and suffering.

**42.** Plaintiff is informed and believes, and thereon alleges, that said injuries will result in permanent pain and disability to her.

### COUNT II: Direct Action

**43.** All of the preceding paragraphs are incorporated by reference as if fully set forth herein.

**44.** Under Puerto Rico's Direct-Action Statute, the insurer issuing a policy insuring any person against loss or damage through legal liability for bodily injury and damages to a third party, shall become liable whenever a loss covered by the policy occurs. 26 P.R. Laws Ann. § 2001.

**45.** Chubb Insurance Co. of Puerto Rico is liable for the damages herein demanded pursuant to the insurance policies issued for the benefit of the defendants.

### Jury Trial Demanded

Plaintiff demands a trial by jury on all counts.

**WHEREFORE,** Plaintiff demands that judgment in the amount of $750,000.00 be entered against defendants for all damages claimed herein, plus interest, costs, attorneys' fees and any other remedy to which she may be entitled under law or equity.

**RESPECTFULLY SUBMITTED,** in San Juan, Puerto Rico, this 20th day of December 2020.

s/ Alberto J. Castañer-Padró
Alberto J. Castañer-Padró
USDC 225706

**Castañer & Baella PSC**
MAI Center
771 Calle 1, Ste 204
San Juan PR 00920
Fax 1 888 227 5728
Tel 787 707 0802
alberto@castanerlaw.com